[No. 2444.  Decided March 12, 1897.]

EVERETT LAND COMPANY, *Respondent*, v. JOHN J.
MANEY, *Appellant*.

STIPULATED DAMAGES — WHETHER PENALTY OR LIQUIDATED DAMAGES
— ADMISSIBILITY OF PAROL — EVIDENCE OF CONTEMPORANEOUS
AGREEMENTS.

Where, in addition to the money consideration for a conveyance
of real estate, a note for a further sum is also given, which it is
stipulated shall be void if the grantee shall erect on the land within
a given time a certain class of buildings, the grantor is entitled to
receive as liquidated damages, for a failure to erect such buildings,
the sum named in the note.

Where the damages resulting from the breach of a contract are
indefinite, uncertain and difficult to prove, the amount stipulated
in the contract as damages in case of a breach should be considered
as liquidated damages and not as a penalty.

Parol proof of contemporaneous agreements between the parties
is inadmissible to affect their written contract, in the absence of
allegations in the complaint of deceit and false representations.

Appeal from Superior Court, Snohomish County.—
Hon. JOHN C. DENNEY, Judge.   Affirmed.

*A. R. Titlow*, for appellant.

*Francis H. Brownell*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the respondent to foreclose a mortgage for purchase money upon four lots in the town of Everett in Snohomish county, Washington, said lots being purchased by the appellant in the spring of 1892. In addition to the contract to pay $3,050 for the four lots, the appellant gave an obligation, which is termed a bond, in the sum of $4,000, which obligation was accompanied by a note for that amount; for the balance of the amount claimed, no note was given, and for this amount the respondent asks no personal judgment against the appellant. The respondent in a contemporaneous writing agreed, in case the appellant should build upon the lots sold a brick house of the value of $16,000 within eighteen months, the note for which the $4,000 was given should be released. This action seeks to recover, in addition to the amount for which no note was given, the sum of $4,000, with interest on the same since the date of its execution, and to foreclose the mortgage for that amount. No question is made by the appellant concerning the validity of the judgment for anything more than the note for $4,000 with interest. Judgment was rendered in favor of the respondent for the whole amount claimed, including the $4,000 note, from which judgment this appeal is taken.

It is the contention of the appellant that the $4,000 was in no sense a part of the purchase price, but that it was a provision for a penalty, and that the respondent must bring his action at law to recover whatever damages he can prove himself to have sustained by reason of the breach of the contract in not building, it being conceded that the contract was not complied

with in that respect. It appears from the correspondence in the record that, outside of the $4,000 note, the price asked by the company was $3,050. On the 4th of March the following instruments in writing were executed, all at one time and on one sheet of paper:

"Building Bond.

"No. 90.

"*This Memorandum Witnesseth:* That the Everett Land Company, a corporation, has by deed of even date herewith sold and conveyed to John J. Maney the following described real estate, in Snohomish county, Washington, to wit:· Lots one (1), two (2), three (3) and four (4) in block six hundred and eighty-three (683) as shown upon the plat of Everett now on file in the auditor's office of said county for the consideration of seven thousand and fifty dollars in part payment of which sum the said John J. Maney has this day executed to the Everett Land Company the following promissory note:

"$4,000.00.

"Everett, Wash., 4th March, 1892.

"Eighteen months after date without grace, for value received, I promise to pay to the Everett Land Company, at the office of said company in Everett, the sum of four thousand dollars with interest from date at the rate of eight per cent. per annum until paid, principal and interest payable in United States gold coin. In case suit is instituted to collect this note, or any portion thereof, I promise to pay the further sum of four hundred ($400.00) dollars as attorney's fee in such case.

"Due 4th Septr., 1893.        J. J. Maney."

"In ·case John J. Maney shall within eighteen months from this date cause to be erected and completed ready for ordinary occupation on Lots 1, 2, 3 and 4 in block 683 above described (or any of them) a brick or store building or buildings to be commenced within six months and costing not less

than $16,000.00, then the above note shall be canceled and returned to John J. Maney otherwise paid accoring to the terms thereof.

"Dated at Everett, Wash., this 4th day of March, 1892.          THE EVERETT LAND COMPANY,
          "By Schuyler Duryee, General Manager."

On the same day the respondent executed in legal form a deed to said above described property to the appellant, alleging the consideration to be $7,050, and on the same day a mortgage was executed by the appellant in favor of the respondent on the lots sold to secure the respective sums of $763, $762 and $762, due respectively March 4, 1893, March 4, 1894 and March 4, 1895; also specially securing the sum of $4,000 and interest thereon according to the terms of the non-negotiable promissory note, — describing the note above mentioned. There are some other letters and notices given to the appellant by the respondent before the execution of these instruments, which it is claimed by the appellant conclusively show that the purchase price of the lots was actually $3,050 instead of $7,050, and he contends that the correspondence establishes this proposition beyond a question. Conceding, for the purposes of this case that the actual amount asked for the lots was as contended for by the appellant, and that the $4,000 was no part of the purchase price, although there are cases which hold exactly to the contrary, yet the question is left in this case as to whether or not the note which was given for the $4,000 was intended as a penalty, in which case the action upon the bond would have to be brought by the appellant, and judgment obtained for the amount of damages proven, or whether it can be considered as liquidated damages. If it is to be considered as liquidated damages, then there would be

nothing left for the jury to determine, and the court would have jurisdiction in this case to enter judgment as it has done. There is some conflict in the authorities on this question, and it has been found difficult and even impossible to lay down a uniform rule governing all cases, but from the adjudications certain rules have been formulated which have received the sanction of the great majority of the courts, and which it may be said are to-day universally followed, so that the only question is as to the application of the rule to the facts in a given case. The first rule is that:

"Wherever the payment of a smaller sum is secured by a larger, the larger sum thus contracted for can never be treated as liquidated damages, but must always be considered as a penalty."

That rule was favorably commented upon and the principles which it enunciates were followed by this court in *Krutz v. Robbins*, 12 Wash. 7 (40 Pac. 415, 50 Am. St. Rep. 871), where it was held that

"An agreement in a note and mortgage securing it, that, in case of default in the payment of any installment of interest, insurance premium, taxes, or the principal, the mortgagor will pay an increased rate of interest, is in the nature of a penalty and is unenforcible in a suit for foreclosure."

That case is cited by the appellant, but we think that the principles decided and discussed there do not apply to this kind of a case; nor does this case, as we understand it, fall within the rule announced above. The payment of $3,050, which it is claimed by the appellant was the purchase price of the lots, is not under the terms of this mortgage secured or attempted to be secured in any way by the $4,000 note. So far as the mortgage is concerned, the one does not depend in any manner upon the other, but the two sim-

ply form the consideration for which the deed is alleged to have been given.

The next rule is that

"Where an agreement is for the performance or non-performance of only one act, and there is no adequate means of ascertaining the precise damage which may result from a violation, the parties may, if they please, by a separate clause of the contract, fix upon the amount of compensation payable by the defaulting party in case of a breach; and a stipulation inserted for such purpose will be treated as one for 'liquidated damages,' unless the intent be clear that it was designed to be only a penalty."

The third is that

"Where an agreement contains provisions for the performance or non-performance of several acts of different degrees of importance, and then a certain sum is stipulated to be paid upon a violation of any or of all such provisions, and the sum will be in some instances too large and in others too small a compensation for the injury thereby occasioned, that sum is to be treated as a penalty, and not as liquidated damages."

These rules are set out in their order by Mr. Pomeroy in his work on Equity Jurisprudence, (vol. 1, § 441, *et seq.*), and the author in presenting the third rule, says:

"This rule has been laid down in a somewhat different form, as follows: Where the agreement contains provisions for the performance or non-performance of acts which are not measurable by any exact pecuniary standard, and also of one or more other acts in respect of which the damages are easily ascertainable by a jury, and a certain sum is stipulated to be paid upon a violation of any or of all these provisions, such sum must be taken to be a penalty."

Thus carrying out the idea that to constitute a stipulated sum a penalty, the damages must be easily

ascertained by a jury, and that if, under the circumstances of the case, the damages cannot be ascertained with any degree of certainty or safety, the stipulated sum must be considered liquidated damages. It seems to us that this case falls squarely within the second rule announced, that there is no adequate means of ascertaining the precise damage which may result from a violation, and that the parties therefore may, if they please, contract to fix upon the amount of compensation payable by a defaulting party in case of a breach. Many cases are cited by Mr. Pomeroy to sustain this doctrine, and in many of them the circumstances are identical in principle with the circumstances as shown by the record in this case. The appellant cites as being parallel with the case at bar the case of *Longworth's Ex'r's v. Askren*, 15 Ohio St. 370, where it is said:

"A note payable in a series of installments, provided that a less sum would be accepted in full payment, if each installment were paid punctually. Held: That the larger sum was in the nature of a penalty, and that the payment of the less discharged the obligation, though defaults had occurred in paying the installments."

In that case the note was as follows:

"For value received, I promise to pay N. Longworth, or order, one thousand dollars, with interest yearly till paid, and payable as follows: in two, three, four, five, six, seven, eight, nine and ten years, equal installments, with interest yearly, as aforesaid; being the contract price of a lot. But if each and every payment is made punctually as due, or before due, or within ten days after each is due, as an inducement to punctuality, two hundred dollars of the amount will be released, and eight hundred dollars and its yearly interest accepted in full payment, but not otherwise."

The court in its opinion in that case said:

"All that the plaintiff, at the time of making the contract, had a right to expect, was the payment of eight hundred dollars with the interest, in the installments and at the times stipulated. These payments Ricords had promised to make punctually. A default occurred; and, in such a contract, in our opinion, interest is to be regarded as a compensation for the injury caused by the delay."

So that it will be seen that this case was decided on altogether a different principle, and that the facts in that case did not bring it within the rule which we have announced, because all that the respondent in this case at the time of the making of the contract had a right to expect was *not* performed by the appellant. He had a right to expect that the building contracted for would be erected. The contract in the case at bar was not that this $4,000 note should be satisfied if the obligations for $3,050 were paid when due; had it been, then it would have been parallel with the case quoted, but this obligation was based upon something separate and distinct from the payment of the amount which the appellant claims was the purchase price of these lots.

In *Noyes v. Phillips*, 60 N. Y. 408, the parties agreed to exchange real estate upon certain specified terms, and each agreed to deliver a deed of his property at a time specified or forfeit the sum of $500. This was held by the trial court to be a provision for liquidated damages. The case went to the appellate court finally, and while the appellate court concluded from the state of the pleadings and the record, that that question was not necessarily before them, they did think it worth while, however, to say:

"It is, however, proper to say that if that question

was before us we should hesitate in holding it a penalty, and there are many reasons for regarding it as a provision fixing the measure of damages by the parties. The word 'forfeit' is not conclusive. A fundamental rule upon this subject is that the words employed must in general yield to the intention of the parties as evinced by the nature of the agreement, the amount of the sum named, and all the surrounding circumstances. The sum named is reasonable in amount for a failure to perform this agreement; it is payable for one breach, viz., a failure to deliver a deed, and the injury is in some degree uncertain in amount and extent and might depend upon many unforeseen contingencies. These are material circumstances favorable to an inference that the parties intended to fix the sum as the measure of damages."

In *Houghton v. Pattee*, 58 N. H. 326, the defendants gave B. their note for $4,000, part of the price of land conveyed by B. to H., and H. gave the defendants a bond of $4,000, to be void if H. should expend $40,-000 in building a hotel upon the land within a certain time, and a mortgage of the land to secure the bond. The time expired, and H. did not perform any considerable part of the condition of the bond. It will be seen that this case embraces substantially the facts embraced in the case at bar. In that case the court decided that the parties intended to make the $4,000 the amount of liquidated damages, and that the difficulty of ascertaining the amount of defendant's damage caused by the plaintiff 's not building might be sufficient, in the absence of other evidence to show an intent to fix the amount in a bond. Many cases were cited to sustain the decision. The same decision was rendered on substantially the same state of facts in *Pratt v. Carroll*, 8 Cranch, 470, Ch. J. Marshall delivering the opinion. See, also, *Chase v. Allen*, 13 Gray, 42.

Outside of these decisions, this court has passed upon this case in *Reichenbach v. Sage*, 13 Wash. 365 (43 Pac. 354, 52 Am. St. Rep. 51), where it held that:

"A provision in a building contract for the recovery by the owner of ten dollars as damages for each day the completion of the building is delayed after the time stipulated, is a provision for liquidated damages and not for a penalty."

The cases cited in the opinion in that case sustain the theory that, where the damages resulting from the breach are indefinite and uncertain, and difficult to prove, upon a breach of the conditions, the amount stipulated should be considered as liquidated damages, and the case at bar falls squarely within this rule, and the reasons for the rule apply with irresistible force. From the nature of the transaction it would be impossible to formulate a rule governing the introduction of testimony which would establish the actual damages. There is no test which can be applied. The contract itself furnishes no standard by which damages flowing from its breach can be estimated or measured or computed with any degree of certainty whatever, and yet it can be easily understood that damages, and great damages, might be sustained by a breach in a building contract of this kind. That a substantial brick building of the value of $16,000 erected on the lots sold would materially enhance the value of adjacent lots is almost self-evident, and the respondent had a right to, and doubtless did, take this fact into consideration in making its contract of sale with the appellant, but if it were compelled to prove the damages it sustained by reason of the appellant's failure to build, it would be greatly embarrassed. How many sales it lost by reason of the absence of the building contracted for, or how much less it had to

take for the lots actually sold, in the very nature of things cannot even be known to the respondent, to say nothing of the difficulty of proof. For this reason it had a right to arbitrarily fix the damages. It did fix them, and the appellant agreed to the terms; and having made a contract which they had a right to make, and which would obviate any subsequent contention as to the damages incurred in case of a breach, the court will not annul their contract or read into it a provision that the question of damages shall be submitted to a jury.

It is also contended by the appellant that the court erred in rejecting testimony offered to prove contemporaneous agreements made between the respondent and the appellant, and promises of certain improvements, which promises were violated by the respondent. This testimony, we think, is immaterial under any circumstances, and especially it could not be introduced under the pleadings in this case. There is no allegation of deceit, or that these representations were made with intent to deceive or defraud the appellant. A great many assignments of error are made in this case, but without specially reviewing them all, we think they are all without merit, and that the case depends substantially on the determination of the question which we have above discussed. It is, however, claimed by the appellant that the testimony shows that an extension of time was given by the respondent to the appellant to construct this building. This course would be a defense to this action if it had been substantiated, but a careful examination of the record in this case, which is exceedingly voluminous, fails to substantiate this contention. The testimony on this point was conflicting, and the trial court hav-

ing passed upon that question, we do not feel justified in disturbing its judgment.

The judgment will in all things be affirmed.

SCOTT, C. J., and REAVIS and ANDERS, JJ., concur. GORDON, J., dissents.