[No. 3590.    Decided July 2, 1901.]

Isaac Jennings, *Appellant,* v. D. L. McCormick,. *Respondent.*

BREACH OF CONTRACT — LIQUIDATED DAMAGES.

Where the owners of adjoining lands, which are protected. against overflow from high tides by means of dikes and dams,. enter into an agreement whereby one of the owners contributes a sum of money toward the construction of a dam on the con- dition that certain dikes owned by the others are not to be cut, leveled, or damaged in any way, and in case they should be· such sum was to be refunded to him, such sum must be regarded as a stipulation for liquidated damages to which he would be en- titled on the breach of the contract.

Appeal from Superior Court, Skagit County.—Hon. Jesse P. Houser, Judge.   Reversed.

*E. C. Million,* for appellant.

*McBride & Joiner,* for respondent.

The opinion of the court was delivered by

Fullerton, J.—The appellant, Jennings, the respond- ent McCormick, and the defendant Osberg, are the owners of abutting farm lands; lying easterly of Swinomish slough,. in Skagit county.   The lands are what are known as tide lands, and, without the protection of dikes and dams,. would be submerged at least once in every twenty-four hours by the rise of the tides.   White's slough is an arm of Swinomish slough, having its mouth a short distance below the land of Osberg, from which point it extends in a gen- eral northwesterly direction across the lands of Osberg and McCormick, until it enters the land of Jennings.   From thence it extends easterly and southerly, terminating in the land of McCormick.   In 1891 the lands of the several parties were protected from overflow from waters coming

into this slough by means of a dike thrown up on the north and west side of the same, extending from its head to its mouth. The lands of Jennings and Osberg were also subject to overflow, at times of extreme freshets, from waters escaping from the Skagit river, against which this dike, together with an extension thereof constructed by Jennings on the east line of his land, served as a protection. In June of the year named, McCormick and Osberg conceived the idea of erecting a dam across White slough near its mouth. They solicited Jennings to contribute to the cost of the work, which he consented to do on condition that they would agree not to cut, level, or damage in any way the existing dike. Thereafter the dam was constructed, and Jennings paid toward the cost thereof two hundred dollars, and took from McCormick and Osberg the following written agreement:

"La Conner, June 22, 1891.

"I, Isaac Jennings, of La Conner, Skagit Co., Washington, agree to pay ($200.00) two hundred dollars toward damming off White's Slough. The said ($200.00) two hundred dollars is to be paid when the dam is completed and received; and providing that the dike on the north side of the White Slough, owned by Andrew Osberg and D. L. McCormick or their heirs and assigns forever, is not cut, levelled or damaged in any way, and if the dike owned by Andrew Osberg and D. L. McCormick or their heirs and assigns forever be cut, levelled or damaged in any way the money is to be refunded.

D. L. McCormick,
A. Osberg."

In 1897 McCormick, without the consent and over the protest of Jennings, destroyed a part of the dike mentioned in the agreement, and refused to rebuild the same. This action was thereupon instituted to recover the money advanced. The trial judge instructed the jury that the appellant was entitled to recover only such actual damages as he had suffered by the destruction of the dike up to the

amount of his advancement, and that such damages were to be measured by the difference in the value of his land immediately before and immediately after the dike was destroyed. The jury returned a verdict in favor of Jennings for the sum of one hundred dollars. Judgment was entered thereon, and this appeal is taken therefrom.

The learned trial judge construed the stipulation to refund the amount of the contribution in case of a breach of the terms of the contract to be a penalty, and the question presented here is, should it be treated as a penalty, or as a stipulation for liquidated damages? Whether a stipulation in a contract to pay a fixed sum in case of a breach thereof is to be treated as the one or the other is a question not always easy of solution. Generally, it may be said, if the damages suffered by the breach of the contract are uncertain in their nature, not readily susceptible of proof under the ordinary rules of evidence, and the amount agreed upon is not so excessive as to be unconscionable, and from the whole contract and the surrounding circumstances such appears to have been the intention of the parties, a stipulation to pay a fixed sum on the breach of a contract will be treated as a stipulation for liquidated damages. *Reichenbach v. Sage,* 13 Wash. 364 (43 Pac. 354, 52 Am. St. Rep. 51). It seems to us that the present case falls within the rule. The intention of the parties is clear. There is no certain measure of the damages suffered by the breach of the contract, and the amount agreed upon is not so excessive as to be unconscionable. The damages should therefore have been fixed at the measure agreed upon by the parties.

The judgment is reversed, and the cause remanded for a new trial.

REAVIS, C. J., and DUNBAR, ANDERS and WHITE, JJ., concur.