[No. 6142. Decided September 7, 1906.]

J. F. CANADY, *Appellant*, v. A. H. KNOX et al., *Respondents*.[1]

CONTRACTS — CONSTRUCTION — TERMINATION.   Upon the sale of a butchering business for the sum of $4,300, upon which $3,500 is paid, and a note given for the balance, in which the vendor agrees not to enter into the butchering business in the vicinity for a term of three years, and if he does so, that he will forfeit to the vendee the sum of $2,000, the contract is not rendered void by the payment of the note for the balance due by reason of a further clause in the written contract of sale to the effect that certain collateral shall be put up as security for the note (which was done) which was to be held as security by the vendor until the same was paid, during which time the vendor was to furnish the vendee with all beef cattle required, at certain stipulated prices, and that upon payment of the note the contract was to be void and cease to be in force; since it is clear that the parties, intended the clause vitiating the contract upon payment of the note, to apply only to the obligation to buy and sell beef cattle.

DAMAGES—LIQUIDATED DAMAGES—WHEN NOT EXCESSIVE.   Upon the sale of a butchering business for $4,300, an agreement by the vendor to forfeit $2,000 in case he engaged in that business in the vicinity within three years, will not be held excessive or unconscionable in the absence of any evidence showing the extent of the damages.

DAMAGES—LIQUIDATED—PENALTY.   Upon a sale of a butchering business for $4,300, an agreement that the vendor will not engage in that business in the vicinity for a term of three years, and will forfeit $2,000 in case of doing so, must be construed to be one for liquidated damages, and not a penalty.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered December 1, 1905, in favor of the defendants, upon sustaining an objection to the introduction of testimony on the part of the plaintiff, in an action on contract.   Reversed.

*Dye & Reiter* and *C. H. Neal,* for appellant.
*Merritt & Merritt* and *W. E. Southard,* for respondents.

MOUNT, C. J.—Appellant brought this action, alleging two causes of action.   The first is, in substance, that on June

[1]Reported in 86 Pac. 930.

16, 1905, the plaintiff purchased from the defendants a
butcher business in the town of Almira, said business includ-
ing certain tools, machinery, ice, meat, and a lease of a cer-
tain building for a term of three years; that the plaintiff paid
$3,500 as part payment of the purchase price, and also paid
one month's rent in advance, and took possession of the busi-
ness; that as part of the contract and consideration for the
purchase of said business by the plaintiff, the defendants
orally agreed not to enter into the butcher business in the
town of Almira or vicinity for the term of three years after
June 11, 1905, and that in the event that they should violate
this agreement they would forfeit to the plaintiff the sum of
$2,000; that on August 5, 1905, the defendants, in violation
of their agreement, opened a butcher shop in the town of
Almira, and ever since have been and now are conducting
said shop and selling meat therefrom, and that plaintiff has
been damaged thereby in the sum of $2,000. For a second
cause of action the complaint alleges, in substance, that on
June 22, 1905, the plaintiff was indebted to the defendants
in the sum of $800, being a balance due on the purchase
price of the butchering business as set out in the first cause of
action; that then and there plaintiff and defendants entered
into the following contract in writing:

"Articles of Agreement. This agreement made and en-
tered into this 22d day of June, 1905, by and between A. H.
Knox, party of the first part, and J. F. Canady, party of
the second part, both residents of the town of Almira, county
of Lincoln, state of Washington; Witnesseth, That A. H.
Knox, party of the first part, in consideration of the party
of the second part executing to him a note of $800 and
putting up as collateral with said note all of the butcher
tools and fixtures, and contract to lots six, seven and eight,
in block eleven, with appurtenances thereto attached, in the
town of Almira, also all ice, does agree to furnish the party
of the second part with beef cattle at the following prices,
to-wit: Beef cattle at two and one-quarter cents per pound
and steers and two and three year-old heifers (said heifers

to be those that have never had any calves), at three cents per pound. Said cattle to be furnished by the party of the first part at any time the party of the second part may need them or call for them, and in any quantities that he may so elect. Further the party of the first part agrees with the party of the second part that he will not enter into the butcher business nor kill any animals for the purpose of peddling or sale of any nature only for his own private use, in the town of Almira, or adjacent territory; that he further agrees in case he does do any butchering business that he will forfeit to party of the second part a sum of $2,000. The party of the first part agrees not to do any said butchering for the term of three years. The party of the second part hereby agrees to buy from the said party of the first part the above mentioned cattle at the above mentioned prices. This contract shall be void and cease to be in force as the parties hereto when the above mentioned note of $800 shall have been paid by the party of the second part to the party of the first part. The party of the first part agrees to hold the bill of sale of said butcher tools, ice, etc., and the contract of the lots mentioned in this contract, only as collateral and hereby agrees to transfer them back to the party of the second part when the above mentioned note of $800 that is given for ninety days drawing twelve per cent interest shall have been paid. It is further agreed by the party of the first part that the party of the second part shall remain in full possession of said property as mentioned in the bill of sale until the said note becomes due, and if the party of the second part shall pay said note when due, then he to hold possession for all time" (Signed and witnessed);

that plaintiff relied upon the agreement of defendants not to enter into the butchering business for the term of three years as therein stated; and but for said agreement would not have purchased the said business; that on July 28, 1905, plaintiff fully paid said note for $800, mentioned in the contract, and the same was delivered to plaintiff; that on the 1st day of July, 1905, defendants butchered and sold two calves in the town of Almira, and on August 5, 1905, opened a butcher shop in the town of Almira, and ever since have

been, and now are, carrying on a general butchering business therein, and by reason thereof plaintiff has been damaged in the sum of $2,000, and defendants have become liable to plaintiff in the sum of $2,000 as provided in said contract. The complaint prays for judgment for $4,000. The defendants demurred to this complaint upon several grounds. The demurrer was overruled and defendants answered, admitting the contract set out in both causes of action, but denied all other allegations of the complaint, and alleged as an affirmative defense that it was provided in said contract that the same should be void when the note for $800 was paid; that said note was fully paid on the date stated in the complaint; that the contract was void because it was in restraint of trade. The cause came on for trial, when defendants objected to the introduction of any testimony on the part of the plaintiff, for the reason that the complaint failed to state a cause of action. This objection was sustained by the trial court, and the action was dismissed. Plaintiff appeals.

The complaint attempts to state two separate causes of action, but it is clear from the facts stated in the complaint and admitted by the answer that two causes of action do not exist. The complaint shows that each cause of action is based upon the same breach of but one contract, viz., a contract not to enter into the butchering business in the town of Almira for three years from June 11, 1905. Respondents contend that the facts alleged are not sufficient, because the contract states in express terms that "this contract shall be void and cease to be in force as the parties hereto when the above mentioned note of $800 shall have been paid by the party of the second part to the party of the first part;" and because the complaint alleges that the note was paid on July 28, 1905, and defendants did not enter into the butchering business until August 5, 1905. If the parties intended by their contract that all the obligations thereof

should cease upon the payment of the note, the position of respondents would, no doubt, be correct. But we cannot give that construction to the contract. It first provides that, in consideration of the note for $800, secured by certain specified property, the respondents agree to furnish beef cattle at certain fixed prices and as demanded by the plaintiff. Then follows an agreement by the defendants that they will not enter into the butchering business in Almira for the term of three years, and that if they do so, they will forfeit to the plaintiff $2,000. Then the contract states:

"The party of the second part hereby agrees to buy from the said party of the first part the above mentioned cattle at the above mentioned prices. This contract shall be void and cease to be in force as the parties hereto when the above mentioned note of $800 shall have been paid by the party of the second part to the party of the first part."

Then follow provisions to the effect that the defendants shall hold the bill of sale and contract to lots and collateral security, and upon payment of the note, shall surrender the same to the plaintiff.

If this contract stood alone it might reasonably be construed as respondents contend, but when considered in the light of the facts alleged in the complaint and admitted by the answer, it is clear that the provision that the contract shall be void and cease refers only to the agreement concerning the beef cattle and the collateral security, and was not intended to avoid the provision that the defendants would refrain from entering into the butcher business for three years. The admitted facts show that the plaintiff purchased the business from the defendants for $4,300. Three thousand five hundred dollars was paid in cash at the time of the sale. A note was given for the balance, $800, due in ninety days, secured by the property purchased. Defendants agreed not to enter into competition with plaintiff for three years. They also agreed to furnish beef cattle at a certain price, and plaintiff agreed to buy at that price. No time limit was

fixed when the obligation to buy and sell cattle should cease, unless it was upon the payment of the note. We are satisfied the parties intended the payment of the note to terminate the obligation to buy and sell beef cattle, and that clause referred to no other part of the contract. With this construction of the contract the complaint states a cause of action.

Respondents also contend that the contract will not be enforced because the $2,000 mentioned therein is a penalty and grossly disproportionate to the actual damages. There is nothing in the record by which we may judge what the plaintiff's actual damages have been, or may be during the term of the three years, and therefore we cannot say that $2,000 is so excessive as to be unconscionable. Some damages are presumed upon a breach of contract. The plaintiff has alleged his damages at $2,000, and even if the $2,000 mentioned in this contract should be held to be a penalty and not for liquidated damages, a cause of action is stated, and plaintiff may prove his damages and recover therefor. This contract upon its face, however, appears to be for liquidated damages. The damages in this case must necessarily be uncertain and difficult, if not impossible, of accurate determination, and therefore come within the rule permitting parties to agree upon what the damages shall be, and the same may be enforced as liquidated damages. 19 Cyc. 99; *Reichenbach v. Sage,* 13 Wash. 364, 43 Pac. 354, 52 Am. St. 51; *Everett Land Co. v. Maney,* 16 Wash. 552, 48 Pac. 243; *Jennings v. McCormick,* 25 Wash. 427, 65 Pac. 764; *Streeter v. Rush,* 25 Cal. 68.

The judgment of dismissal is therefore reversed, and the cause remanded for further proceedings.

Crow, Rudkin, Fullerton, Hadley, and Dunbar, JJ., concur.