[No. 6313.   Decided March 5, 1907.]

MRS. JOHN D. JENKINS, *Respondent*, v. AMERICAN SURETY COMPANY OF NEW YORK, *Appellant, et al.*[1]

PRINCIPAL AND SURETY—CONTRACTOR'S BOND—ACTIONS—ITEMS RECOVERABLE. In an action on a contractor's bond to recover damages for the failure of a contractor to complete a building, the owner is entitled to be credited with sums paid out in purchasing finishing items, in the amounts fixed in the contract therefor; also for small items in sweeping out and repairing, where the contract called for leaving the house "broom clean," although no architect's certificate in relation thereto was furnished; also for the amount for which liens were filed, admitted by the contractor to be correct.

SAME—ACCEPTANCE BY ARCHITECT—ABANDONMENT BY CONTRACTOR. In an action on a contractor's bond to recover damages for the failure of a contractor to complete a building, an allowance for damages on account of defective material cannot be objected to on the ground that the architect and superintendent accepted the building, where it appears that the contractor abandoned the building before completion and under the contract there could be no valid acceptance by the architect until final completion.

CONTRACTS—BREACH—STIPULATED DAMAGES. Stipulated damages of five dollars per day for delay in completing a building within the contract time are recoverable.

PRINCIPAL AND SURETY—ALTERATIONS—RELEASE OF SURETY. An allowance to a contractor for extras permissible under the contract do not constitute a change in the construction of the building that would release a surety on the contractor's bond.

Appeal from a judgment of the superior court for King county, Poindexter, J., entered June 6, 1905, upon findings

[1] Reported in 88 Pac. 1112.

in favor of the plaintiff, after a trial before the court without a jury, in an action on a contractor's indemnity bond. Affirmed.

*Hastings & Stedman,* for appellant.

*John E. Ryan,* for respondent.

HADLEY, C. J.—This is an action to recover upon a contractor's indemnity bond. The defendant Hoburg entered into a written contract with the plaintiff to erect a house for the latter for the price of $2,000, the house to be completed November 1, 1905. The building was to be constructed in workmanlike manner in accordance with plans and specifications prepared by an architect, and made a part of the contract. The contract was made August 15, 1905, and provided for liquidated damages in the sum of $5 per day for each day the contractor should delay the completion of the building after November 1, 1905. To secure the performance of the contract, the defendant the American Surety Company of New York, together with the contractor, executed a bond of indemnity to the plaintiff in the sum of $1,000.

The complaint alleges that the defendant contractor entered upon the performance of the contract, but that he failed to complete the building in accordance with the terms of the contract, or at all; that as the building advanced, the plaintiff paid the contractor the sum of $1,500; that the contractor incurred large bills and liabilities for labor performed upon the building and for materials used therein, which bills she requested the contractor and surety company to pay, but which they refused to do; that by reason of such nonpayment, the various parties who had performed the labor and furnished the materials filed liens, and others were threatening to file liens; that for the purpose of protecting the property from such liens, the plaintiff was obliged to pay, and has paid, sums amounting to $500; that there are due and unpaid

claims for which liens are claimed which the plaintiff esti-
mates at the aggregate sum of $300; that in the construction
of the building the contractor placed defective material there-
in and failed to properly construct the building, to the dam-
age of the plaintiff in the sum of $300; that the contractor
neglected to complete the building and abandoned the work,
making it necessary for her to employ labor and pay for both
labor and materials to complete the building so as to make it
habitable; that she did not get possession of the building until
January 15, 1906, and that by the terms of the contract
which provided $5 per day as settled damages for delay, she
was damaged thereby in the sum of $375. In her complaint
she prays for judgment in the sum of $975. The defendants
by separate answers joined issue with the complaint, and the
cause came on for trial before the court without a jury, the
jury being waived. Judgment was rendered in favor of the
plaintiff against both defendants in the sum of $602.94, and
the surety company has appealed.

Appellant objects to the allowance of $100 for the finish-
ing hardware and $70 for fixtures, with which sums respond-
ent credits herself. The evidence shows that, by the contract,
the architect was to select the finishing hardware at the
agreed cost of $100 and at the contractor's expense. This
having been done and respondent having paid for the hard-
ware, she is entitled to credit herself with that amount as paid
on the contract price. The specifications also provided that
the contractor should furnish the fixtures complete at the
agreed cost of $70. Respondent paid that sum for fixtures,
and she is now entitled to credit therefor. It is immaterial
to appellant who actually handed the money to the vendors
of the finishing hardware and fixtures, since the price in each
case had been fixed by the contract and was to be paid out of
the total contract price. The contractor therefore received
the full benefit of these payments.

Objection is made to the allowance of certain small items
for sweeping the house, repairing leaks, and putting in a

window, on the ground that there was no certificate from the architect in relation thereto. The contract called for leaving the house "broom clean," and all the items were proper under the contract. They amounted to but $19.50, and under the circumstances a certificate from the architect would have availed appellant nothing. The contractor had abandoned the work and was not there to do this particular work; which the evidence shows was necessary before the house could be used, and that it was required by the contract.

Objection is made to the allowance of $68 on account of Angus McLean, plasterer, and $45.45 on account of Ernst Brothers for rough hardware. The contractor neglected to pay these claims, liens were filed therefor, the contractor admitted that they were correct, the items were therefore charges against the property, and were properly allowed.

The court allowed $300 damages on account of defective material used in the building, and appellant objects to this. We think the evidence abundantly supports this item. But appellant urges that it should be disallowed, for the reason that the architect and superintendent accepted the building. There was never any final acceptance of the building, since the contractor wholly abandoned it before it was completed. That there could be any binding acceptance by the architect of any of the work before the final completion is negatived by the following clause in the contract: "And further that no payments made on account as work progresses shall be construed as an acceptance of any of the work performed or material furnished, but both parties hereto shall be bound by all of the conditions of this contract until the final completion, acceptance, and payment."

The next objection is to the allowance of an item of $235 for delay in completing the building within the contract time. As we have seen, the contract called for $5 per day for such delay as liquidated damages. In considering this item the court allowed appellant four weeks from the time of the delay by reason of conditions which arose, and we think this was a

liberal and just disposition of the matter. The amount allowed respondent for the remaining time is correct. Such allowances as stipulated damages under contracts containing such stipulations have been frequently sustained by this court. *Reichenbach v. Sage*, 13 Wash. 364, 43 Pac. 354, 52 Am. St. 51; *Everett Land Co. v. Maney*, 16 Wash. 552, 48 Pac. 243; *Jennings v. McCormick*, 25 Wash. 427, 65 Pac. 764; *Drumheller v. American Surety Co.*, 30 Wash. 530, 71 Pac. 25.

We think all the findings of the lower court were justified by the evidence. The contractor was allowed a sum for extra labor and material, which extras were permissible under the contract, and the bond and contract must be construed together. These extras did not therefore constitute changes in the construction to the detriment of either the contractor or appellant, because they were duly allowed to be paid at their full value as extras. No delay occasioned by the extras or changes incidental thereto was included in the court's reckoning of time for computing damages for delay, and appellant was not prejudiced by any delay occasioned by respondent. After allowing the contractor the $500 remaining of the contract price, together with the amount for extra labor and material, and after charging him with the items paid by respondent and for which her property is liable, including those above discussed, there remained in favor of respondent a sum equal to the amount of the judgment.

We think there was no error in awarding recovery for that amount, and the judgment is affirmed.

CROW, FULLERTON, RUDKIN, ROOT, MOUNT, and DUNBAR, JJ., concur.