[No. 8094.  Department One.  October 4, 1909.]

P. H. MADLER *et al.*, *Respondents*; v. PHIL A. SILVERSTONE *et al.*, *Appellants.*[1]

DAMAGES—CONTRACT—BREACH—"LIQUIDATED DAMAGES." A stipulation in a contract for the exchange of real estate to pay and forfeit the sum of $500 as liquidated and agreed damages for nonperformance of the contract by either party, is to be construed as liquidated damages and not as a penalty, since the damages suffered by a breach are uncertain, and the sum stipulated is not disproportionate to the probable damages, or unconscionable.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 26, 1909, upon findings

[1]Reported in 104 Pac. 165.

in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Judd & Olson*, for appellants.

*C. L. Holcomb*, for respondents.

FULLERTON, J.—On June 23, 1908, the appellants Silverstone entered into a written agreement with the respondents, Madler, for. a mutual exchange of properties, the agreement being in the following language:

"This Agreement made and entered into this 23rd day of June, 1908, by and between Phil A. Silverstone and Sadie Silverstone, husband and wife, parties of the first part and P. H. Madler and Nell S. Madler, husband and wife, parties of the second part Witnesseth:

"That for and in consideration of the sum of One Dollar each to be paid by each of said parties hereto to the other party, and the mutual covenants and agreements to be performed herein by the respective parties, the parties of the first part herein promise and agree to convey to the parties of the second part, or to their order, by good and sufficient warranty deed, the following described real estate in King County, Washington, to wit:

"Lots eleven (11) and twelve (12) in Block Nine (9) in Law's Second Addition to the City of Seattle located on the North east Corner of Third Ave. West and Blaine Streets, free and clear from all incumbrance, and lots four (4) five (5) six (6) seven (7) eight (8) nine (9) ten (10) eleven (11) twelve (12) and thirteen (13) on Block Five in Wood's Green Lake Park Addition to the City of Seattle, located at the North east corner of Nineteenth Ave. N. E. and Sixty-fifth streets, free and clear from all incumbrance except a mortgage of $33 against each lot and which is payable on or before November 1st, 1908, and the said parties of the first part agree to furnish parties of the second part a complete abstract of each lot and a written opinion of a reputable attorney of Seattle, who is competent to pass on such titles, showing good title in said parties or the person making such good and valid conveyance.

"The parties of the second part agree to convey, by good and sufficient warranty deed to the parties of the first part,

Lot twenty four (24) in Block Thirteen (13) of University Park Addition to the City of Seattle, with all improvements thereon, known as No. 4734 University Boulevard, free and clear of all incumbrance excepting a $2500 mortgage incumbrance, with interest thereon at 7% per annum, and said parties of the second part agree to furnish to the parties of the first part an abstract of title and the written opinion of title thereon by Shank & Smith, attorneys of Seattle.

"And the parties of the first part agree to execute a second mortgage with note to the order of the parties of the second part for the sum of Three Hundred thirty ($330) Dollars, payable on or before November 1st, 1908 with interest thereon at 8% per annum and covering lot 24 of Block 13 in University Park Addition to Seattle, Washington.

"It is understood and agreed that if either of the parties to this contract shall fail to comply with the conditions hereof or to carry out any agreement herein by such party to be performed, such party shall pay and forfeit to the other party the sum of Five hundred ($500) Dollars as liquidated and agreed damages.

"It is understood and agreed that each of the parties will pay one half of the cost of drawing up this contract, deed and mortgages and all expenses of this transaction.

"Each of the parties hereto covenant and agree to fully perform their respective portions of this contract within ten days from the date hereof. In case of defect of title to either property which cannot be made good, the penalty clause herein to be inoperative."

The agreement was not performed, and the respondents brought this action against the appellants to recover the sum named therein as liquidated and agreed damages, averring in their complaint that the failure to so perform was due to the fault of the appellants. The cause was tried by the trial court sitting without a jury, and is brought to this court on the findings of fact made by that court, the evidence on which the findings are based not being in the record. The court found the due execution of the contract, a failure to perform on the part of the appellants, that the failure to so perform was not due to any fault of the respondents, and that by

11—55 WASH.

reason of the refusal and failure of appellants to perform the contract the respondents had "been damaged in the sum of $500, the amount provided in the contract as liquidated damages;" finding further that there was no evidence of pecuniary loss to the respondents other than is contained in the written contract. The court thereupon entered a judgment for the respondents, for the amount so found to be due as liquidated damages, and this appeal was taken therefrom.

But one question is suggested by the record; namely, is the provision of the contract whereby the one party agrees to pay and forfeit to the other the sum of $500, if such party fails to comply with the conditions of the contract, a provision for liquidated damages, or is it a penalty. The appellants strenuously contend that it is a penalty, and rely for authority upon the former holdings of this court. The first case called to our attention, where an agreement to pay a fixed sum in case of a breach in the performance of the conditions of a contract was considered, is *Reichenbach v. Sage*, 13 Wash. 364, 43 Pac. 354, 52 Am. St. 51. In that case the appellants' principal contracted with the respondent to construct a certain building to be completed by a given date, agreeing to pay $10 per day for each and every day the completion of the building was delayed beyond the date named. The court below held the provision to be one for liquidated damages and not a penalty, and its judgment was affirmed by this court. Passing upon the question, the court said:

"We think the question which should be logically first settled in this case is: Was the contract to pay the damages specified, a provision for a penalty or for liquidated damages? There has been some conflict of authority on this question, each case, however, necessarily being decided with reference to its own particular circumstances and the particular language of the contract. We are satisfied, however, that the overwhelming weight of authority sustains the contention that this contract provides for liquidated damages; there is nothing inequitable in the terms of this provision; the amount does not seem to us to be excessive or unreasonable; it does not provide for the payment of a sum in gross on the failure

to comply with the contract at the expiration of the time limited, but the damages accrue according to the length of time the breach continues; and again, there is an element of uncertainty as to the real damages which would be maintained by the plaintiff which renders it more or less impracticable to be determined by a jury. Values of rents are fluctuating, and dwelling houses of the character and description of this one are ordinarily not built for rent at all, but for the convenience and comfort of the owners, and inasmuch as the parties saw fit to settle in advance the question of damages, and it seems to be on an equitable basis, we do not feel justified in disturbing that contract and holding that it was a contract which the parties had no right to make." . . .

"We think these contracts should be sustained, where no fraud or illegality appears, as a matter of policy, for it would frequently save expensive and troublesome litigation, if the parties could contract in advance with reference to damages, with the knowledge that such contracts would without question be enforced."

To the same point is, *Drumheller v. American Surety Co.*, 30 Wash. 530, 71 Pac. 25, and *Jenkins v. American Surety Co.*, 45 Wash. 573, 88 Pac. 1112.

In *Everett Land Co. v. Maney*, 16 Wash. 552, 48 Pac. 243, the appellant contracted to purchase of the respondent certain lots for a consideration of $3,000, which he secured by a mortgage on the lots purchased. In addition to the contract to pay the purchase price, the appellant gave an obligation called a bond, in the sum of $4,000. The respondent executed to the appellant a contemporaneous agreement whereby he agreed that if the appellant would build upon the lots sold him a brick building of the value of $16,000, within eighteen months, the $4,000 obligation should be canceled. The building was not constructed, and in an action to foreclose the mortgage and recover on the $4,000 obligation, it was contended that this obligation was in no sense a part of the purchase price, but an obligation fixing a penalty for failure to erect the brick building, on which the respondent was entitled to receive the actual damages caused by such failure. The obligation was held to be one for liquidated damages, the

court saying that the damages resulting from the breach were so indefinite and uncertain and difficult to prove, that the amount stipulated fell within the rule of liquidated damages.

In *Jennings v. McCormick*, 25 Wash. 427, 65 Pac. 764, where the owners of adjoining lands, which were protected from overflow from high tides by means of dikes and dams, entered into an agreement whereby one of the owners contributed $200 toward the construction of another dike on condition that the original dikes which were owned by others were not cut, leveled, or damaged in any way, and stipulated that in case they should be so cut, leveled or damaged the money contributed should be refunded to him, it was held, on a breach of the agreement, that the contributor could recover the whole sum contributed as liquidated damages. And in the case of *American Copper etc. Works v. Galland-Burke Brewing etc. Co.*, 30 Wash. 178, 70 Pac. 236, it was held that a clause in a contract for the delivery of certain machinery by a certain day, providing for the payment of $25 per day for each day the delivery should be delayed beyond the day named, was a provision for liquidated damages and not a penalty.

Of the cases holding the obligation to be a penalty, the first is that of *Krutz v. Robbins*, 12 Wash. 7, 40 Pac. 415, 50 Am. St. 871, 28 L. R. A. 676. In that case it was held that an agreement by a mortgagor to pay an increase of interest to the mortgagee in case the mortgagor defaulted in any of his interest payments, or in the payment of taxes levied upon the property, was in the nature of a penalty, and not recoverable in a suit to foreclose the mortgage.

In *McDaniels v. Gowey*, 30 Wash. 412, 71 Pac. 12, a vendor of land, on which there were certain liens, gave a bond to the vendors in the sum of $4,000, conditioned that if the obligors should on or before a certain date procure a satisfaction and discharge of certain liens thereon, the obligation should be void, otherwise to remain in full force and effect. In a suit upon the bond it was held that the obligation was

one imposing a penalty and not one for liquidated damages.

In *Johnson v. Cook*, 24 Wash. 474, 64 Pac. 729, it was held that a bond conditioned that the obligor should build, or cause to be built, for the obligee a house of a certain description which should cost not less than a given sum, and that the obligor should pay all liens and incumbrances that might become liens on the property by reason of the erection of the house, was a stipulation for a penalty and not one for liquidated damages.

It would too unduly extend this opinion to set at length the reasoning by which those several decisions were justified, but the same principle runs through all of them. Generally speaking, it may be said, that when the damages arising from the breach of the contract which the obligation is given to secure, are uncertain in their nature and not readily susceptible of proof by the ordinary rules of evidence, and are not so disproportionate to the probable damages suffered as to appear unconscionable, and it is reasonably clear from the whole agreement that it is the intention of the parties to provide for liquidated damages and not a penalty, such a stipulation will be held to be one for liquidated damages. On the other hand, if the stipulation is inserted to secure the payment of a definite sum of money, or if the actual damages suffered are easily ascertainable and are less than the stipulated sum, or if the principal agreement contains provisions for the performance or nonperformance of several acts of different degrees of importance, and the stipulated sum is to be paid on the violation of any or all of them, and the sum will in some instances be too large, or if from an examination of the written agreement it is uncertain whether it was the intent of the parties that the stipulation was intended as liquidated damages, or as a penalty, it should be treated as a penalty.

Tested by the foregoing rules, it would seem that the stipulation in the contract in question here is a stipulation for liquidated damages rather than one for a penalty. The dam-

ages suffered for the breach of the agreement are uncertain in their nature, the sum stipulated is not so disproportionate to the probable damages suffered as to appear unconscionable, and it appears clear to our minds that the parties intended to stipulate for a fixed sum as damages, rather than for a penalty.

The appellant, however, argues with much force, that the case falls within the rule of the case of *McDaniels v. Gowey, supra;* that the principal agreement contained provisions for the performance of several acts of different degrees of importance, and the sum stipulated is to be paid on the violation of any or all of such provisions. The contract, by the form in which it is written, it will be observed, lends color to these contentions, but a more careful analysis will show that it has but one primary purpose, namely, to provide for an exchange of properties. The several conditions to be performed by the parties are but steps leading up to that primary purpose, and it is clear that the stipulated sum was intended to fix the amount of damages to be paid by the party in default in case the contract as a whole was not carried out. In our opinion the stipulation was one for liquidated damages, and the judgment will stand affirmed.

RUDKIN, C. J., CHADWICK, GOSE, and MORRIS, JJ., concur.