[No. 8736. Department Two. July 23, 1910.]

H. R. DICKERMAN, *Plaintiff and Appellant*, v. W. C. REEDER *et al.*, *Defendants and Appellants*, CRAB CREEK LUMBER COMPANY, *Intervener*.[1]

MECHANICS' LIENS—FORECLOSURE—ANSWER—BUILDING CONTRACTS STIPULATED DAMAGES. An answer in an action to foreclose a mechanics' lien, setting up the affirmative defense of stipulated damages for delay under "the contract" to complete "the building," is not demurrable for failure to set out the contract and more specifically describe the building, where the substance of the contract was stated.

APPEAL—REVIEW—PLEADING—HARMLESS ERROR. It is not reversible error to overrule a demurrer to an indefinite or uncertain pleading.

[1]Reported in 109 Pac. 1060.

EVIDENCE—CONTRACTS—SPECIFICATIONS REFERRED TO — ADMISSIBILITY. In an action upon a building contract which expressly made the plans and specifications a part thereof, although not attached, a copy identified as one of the original plans and specifications is properly admitted in evidence.

DAMAGES—STIPULATED DAMAGES—DELAY. A contract for stipulated damages of five dollars per day for delay in the completion of a building is enforcible.

CONTRACTS—BUILDING CONTRACTS—ARCHITECT'S CERTIFICATE—ISSUANCE—WAIVER OF OBJECTIONS. In an action on a building contract, an architect's final certificate of the completion of the building is properly admitted in evidence against the contractor, where, after cutting down the contractor's bill for extras, the certificate was issued showing the completion of the building and the amount due, and was delivered by the architect to a third person to be delivered to the contractor when he should accept the allowance for extras, and thereafter the contractor did not seek arbitration as required by the contract in case of any dispute as to the amount allowed for alterations, since he thereby waived any objection to the allowance for extras and accepted the same.

SAME — CONCLUSIVENESS — ARCHITECT'S CERTIFICATE — WAIVER. Where it is not claimed that an architect acted arbitrarily or fraudulently, it is error to allow in full a contractor's claim for extras, where the final certificate of the architect, made a prerequisite to an action on the building contract, cut down the amount claimed by the contractor, and the contractor waived objection to the allowance by failing to seek arbitration as required by the contract in case of any dispute.

Cross-appeals from a judgment of the superior court for Adams county, Holcomb, J., entered November 19, 1909, upon findings in favor of the plaintiff and intervener, in an action to foreclose a mechanics' lien, after a trial on the merits before the court without a jury. Affirmed on plaintiff's appeal, and reversed on defendants' appeal.

*W. W. Zent* and *John M. Cannon*, for plaintiff and appellant.

*Lovell & Davis*, for defendants and respondents.

MOUNT, J.—Plaintiff brought this action to foreclose a mechanics' lien, for the amount due him as contractor for the construction of a building at Ralston, in Adams county. The

Crab Creek Lumber Company intervened in the action, and sought to foreclose a lien for material furnished to the contractor. The defendants Reeder and Lucy, owners of the building, defended by making certain denials and alleging counterclaims for damages. The lower court found upon the trial that there was due the plaintiff upon the contract $987.30, but deducted therefrom $550 as liquidated damages, and entered a decree of foreclosure for the balance, with interests, costs and attorney's fees; and also entered a decree in favor of the Crab Creek Lumber Company for the amount of its claim. The plaintiff has appealed, claiming that the court erred in overruling the demurrers to defendants' counterclaim for damages; also, in admitting in evidence a copy of the plans and specifications, and also in allowing damages in the sum of $5 per day for delay beyond the specified time for completing the building. The defendants Lucy and Reeder have filed a cross-appeal, claiming that the court erred in receiving in evidence the architect's final certificate. Neither appeal affects the decree in favor of the intervener. The appellant and respondents will be designated in this opinion as plaintiff and defendants, respectively.

The plaintiff first argues that the court erred in overruling the demurrers to the affirmative defenses which set up counterclaims. The answer of the defendants, after admitting the contract alleged in the complaint and making certain general denials, alleged as an affirmative defense by way of counterclaim, as follows:

"That in the contract entered into between plaintiff and defendants it was agreed that he would complete the building and deliver the same to the defendants on or before December 1, 1908, and in case of failure to deliver the said building the said plaintiff agreed to pay stipulated damages in the sum of $5 per day, and on the 15th day of April, 1909, the date of bringing this action the said building had not been finished or delivered as per the contract, and by reason thereof the plaintiff is indebted to these defendants in the sum of $600."

If we understand the plaintiff's argument, it is to the effect. that, because the words "the contract" and "the building" are used without setting out the contract or more specifically stating what building is referred to, the separate answer is in itself incomplete and therefore insufficient. We think the separate answer is sufficiently complete within itself, for it states the substance of the contract. But if it is indefinite or uncertain, the overruling of a demurrer would not necessarily be reversible error.

It is next argued that the court erred in receiving in evidence a copy of the plans and specifications. There is no merit in this contention, for the copy offered in evidence was identified as the specifications referred to in the contract. None were attached to the contract set up in the complaint, although the plans and specifications were made a part thereof by express reference thereto, and it is not claimed that the copy offered was not correct. The evidence is sufficient to show that the copy offered is one of the originals.

It is next argued that the court erred in deducting $550 as stipulated damages, for delay in completing the building after the period provided for in the contract, being one hundred and ten days at $5 per day. Such contracts have frequently been enforced by this court. See, *Jenkins v. American Surety Co.*, 45 Wash. 573, 88 Pac. 1112, and cases there cited. There is, therefore, no merit in the plaintiff's appeal.

On the appeal of the defendants, it is argued that the court erred in receiving in evidence the final certificate of the architect, to the effect that the final payment was due. It appears that a bill for extras, amounting to $521.15, had been presented by the contractor to the architect for approval. The architect approved certain items amounting to $326.45, and rejected the other items for extras. The architect also made deductions for imperfect work and work not done according to the contract, in the sum of $183, which amount was also deducted from the claim allowed for extras, thus

reducing the amount allowed for extras to $143.45. Following these allowances and deductions, it was stated: "The architect will accept the building when the contractor accepts this bill." Copies were delivered to the contractor and to the owners. On the same day the architect issued and attached to the allowance for extras as above stated his final certificates that the building was completed and that the contractor was entitled to final payment of $3,775 "less amount paid to Mr. G. G. Evans for plastering, together with bill for extras, amounting to $143.45." This certificate was not delivered to the contractor, but was left by the architect with one Clodius, with directions to deliver the same to the contractor when he accepted the allowance for extras. The certificate was not delivered by Mr. Clodius to the contractor, and nothing further appears to have been done until this action was brought. It was not alleged or claimed that the architect arbitrarily or fraudulently withheld the final certificate. At the trial the plaintiff called Mr. Clodius as a witness, and required him to produce the certificate with the claim and allowance for extras attached thereto, and offered the same in evidence. The court, while receiving the same in evidence, disregarded the deductions made by the architect, and allowed the whole claim of $521.15 for extras. In this we think the trial court was in error. The final certificate, unless arbitrarily or fraudulently withheld, was a prerequisite to the plaintiff's right to maintain this action to recover upon the contract. *Craig v. Geddis*, 4 Wash. 390, 30 Pac. 396; *Schmidt v. North Yakima*, 12 Wash. 121, 40 Pac. 790; *Zindorf Construction Co. v. Western American Co.*, 27 Wash. 31, 67 Pac. 374.

The contract provides, at article 3, that, in case the owner and contractor fail to agree as to the amount to be paid or allowed for alterations, the determination of the amount shall be referred to arbitration. If it is conceded that the architect had no authority under the contract to fix the amount for extras, and the amount for defective work, and work not done,

still when he did so, he at least was acting as the agent for the owners, and if the contractor was not satisfied therewith, he should have made objection and required the dispute to be settled by arbitration under the terms of the contract. This was not done. Instead, the contractor made no objection, and after he brought this action, he required the production of the final certificate, which showed that it was issued upon condition that he accept the bill for extras as allowed by the architect. It is plain, we think, that he thereby waived any objection to the allowance for extras, and accepted the same as therein stated by the architect in the amount of $143.45. The court, however, allowed the whole claim of $521.15 for extras, and entered a decree for plaintiff for $987.30, less $550 for liquidated damages, leaving a balance of $437.30. This amount was too large by $377.70, being the difference between $521.15 claimed as extras, and $143.45 allowed for extras.

The appeal of the defendants is therefore sustained, and the cause remanded with direction to the lower court to decree a foreclosure of the lien in favor of the plaintiff for $59.60, with costs and attorney's fees as stated in the decree. The defendants will recover their costs on this appeal.

RUDKIN, C. J., DUNBAR, CROW, and PARKER, JJ., concur