[No. 23197. Department One. January 7, 1932.]

A. J. HOTTEL, *Respondent*, v. C. E. SWANSON, *Appellant*.[1]

*Chas. A. Johnson,* for appellant.

*Patterson & Davis,* for respondent.

HERMAN, J.—Defendant, by virtue of a written contract entered into between the parties, employed plaintiff to cut, skid, load and haul logs to defendant's mill. The contract provided that defendant would pay five dollars per thousand for all logs delivered to the mill, payments to be made between the first and tenth of each month. The contract purported to set forth the obligations of the parties thereunder, and the concluding paragraph read as follows:

"Said party of the second part [defendant] reserves the right to hold back twenty-five cents (25c) per thousand if said party of the first part fails to fulfill this agreement."

Plaintiff ceased work on the fifth of June, 1930, at which time he and defendant discussed their account and a controversy over the construction of the paragraph of the contract above set forth arose between them. Defendant claimed the right to withhold twenty-five cents per thousand because of the failure on the part of plaintiff to comply with the provisions of the contract. The testimony of defendant was:

"Q. The only controversy was where you held back 25c a thousand? A. Yes, sir. Q. That the only controversy? A. Yes, sir. . . . Q. And when you came to the end, you were willing to pay them and hold back that 25c? A. Yes, sir."

June 7, 1930, plaintiff verified a logger's lien, which was filed June 11, 1930. On the same day a complaint

asking for foreclosure of the logger's lien was verified. No demand for the amount claimed by the notice of lien was made before suit was brought. Trial to the court resulted in judgment for plaintiff in the sum of $278 and costs of suit. From that judgment, defendant appeals, assigning twenty-four errors.

For the purpose of discussing the questions raised by appellant, we will consider the four propositions advanced by appellant in his brief, in lieu of a separate consideration of each of the assignments of error.

Appellant maintains, first, that the trial court erred in refusing to accept appellant's figures as to the number of feet of logs delivered, because his figures were supported by the great weight of the evidence. While there was a considerable amount of testimony to substantiate appellant's contention with reference to this matter, we must bear in mind the fact that the trial court was afforded an opportunity to hear and observe the witnesses testifying. There is also evidence which, if believed, would warrant the trial court's finding as to the number of feet of logs delivered. Under the circumstances, we do not feel justified in disturbing the trial court's finding as to the number of feet of logs delivered by respondent.

The second proposition advanced by appellant is that the trial court erred in refusing to allow rental in the sum of twenty-five dollars for the use of buildings. Both respondent and his brother testified that, when respondent moved into the buildings, appellant told him there would be no charge for rent. Appellant's testimony on that subject was as follows:

"Q. You didn't tell them (about rent for the buildings) one way or the other? A. No, sir. Q. Didn't you say anything to them? A. We charge all of our people rent for the use of those buildings."

The contract providing for the terms and conditions under which respondent cut and delivered logs was silent on the question of rent. In view of all the testimony, we believe the trial court was correct in its finding that respondent's occupancy of the buildings was with the consent of appellant and under agreement that no rent should be charged therefor.

The third proposition advanced by appellant is that the court erred in refusing to construe the contract as one for liquidated damages, and in refusing to give full force and effect to the provision for damages in the sum of twenty-five cents per thousand for failure to deliver twenty thousand feet of logs per day. The provision with reference to damages was:

"Said party of the second part reserves the right to hold back twenty-five cents (25c) per thousand if said party of the first part fails to fulfill this agreement."

The trial court construed that provision as a penalty, and found that the actual damage was fifty dollars. In *Wilbur v. Taylor,* 154 Wash. 282, 282 Pac. 65, it was said:

"When an executory contract contains several distinct stipulations for the doing of different things of varying degrees of importance, and there is a general provision to pay a gross sum for the breach of any, it is generally held that the provision is for a penalty rather than for liquidated damages."

In *Madler v. Silverstone,* 55 Wash. 159, 104 Pac. 165, 34 L. R. A. (N. S.) 1, the court said:

"On the other hand, if the stipulation is inserted to secure the payment of a definite sum of money, or if the actual damages suffered are easily ascertainable and are less than the stipulated sum, or if the principal agreement contains provisions for the performance or nonperformance of several acts of different degrees of importance, and the stipulated sum is to be paid on

the violation of any or all of them, and the sum will in some instances be too large, or if from an examination of the written agreement it is uncertain whether it was the intent of the parties that the stipulation was intended as liquidated damages, or as a penalty, it should be treated as a penalty."

Having in mind the two cases above cited, we are compelled to agree with the trial court in its finding that the provision in question was intended as a penalty. The evidence does not preponderate against the trial court's finding upon the amount of damages allowed appellant.

The fourth proposition upon which appellant relies for reversal is that the trial court erred in allowing respondent costs and attorney fees, because there was no proof of any demand, and because the suit was prematurely brought. Rem. Comp. Stat., § 1173, provides:

". . . in no action brought under the provisions of this act shall costs be allowed to lienholders unless a demand has been made for payment of his lien claim before commencement of suit, unless the court shall find the claimants at time of bringing action had reasonable ground to believe that the owner or the person having control of the property upon which such lien is claimed was attempting to defraud such claimant, or prevent the collection of such lien."

June 5, 1930, respondent finished the work required by the contract, and on the same day he discussed his account with appellant, who insisted upon construing the last paragraph of the contract as a provision for liquidated damages. Appellant testified that, at the termination of the contract, he was willing to pay respondent, withholding twenty-five cents per thousand as damages. A controversy arose because of this attitude of appellant. June 7, 1930, the lien was verified, and it was filed June 11, 1930, the same day the com-

plaint was verified. No demand for payment of the lien claim was made before suit was started.

In view of the fact that appellant insisted upon his right to withhold twenty-five cents per thousand as liquidated damages when respondent discussed their account, a demand would have been a useless formality. The conduct of appellant constituted an invitation to respondent to litigate. The law will not require the doing of a useless act. When appellant wrongfully insisted upon treating the last paragraph of the contract as a provision for liquidated damages, he made a demand previous to suit unnecessary as a condition precedent to the allowance of costs of suit to respondent.

Judgment is affirmed.

TOLMAN, C. J., BEELER, MITCHELL, and PARKER, JJ., concur.

